UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT Q. WOODS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 1:12CV88 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1] Pursuant to this Court's Order, the government has responded to the motion to vacate. Subsequent to the filing of the original Motion, Movant advised the Court that he seeks only to pursue his claim that counsel was ineffective for failing to object to the assessment of two criminal history points for his allegedly un-counseled misdemeanor. For the reasons set forth below, the Motion is denied without a hearing.

## Movant's Claim

Movant makes a single claim in his Motion: counsel was ineffective for failing to object to the two criminal history points assessed against him for a misdemeanor that was allegedly adjudicated without counsel.

## Facts and Background

The grand jury charged in Count I that on August 19, 2009, Movant distributed a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1); in Count II, Movant was charged with distributing five or more grams of a mixture or substance containing cocaine base on August 25, 2009, in violation of 21 U.S.C. § 841(a)(1); Count III charged Movant with manufacturing five grams or more of a mixture or substance containing cocaine base in violation of 21U.S.C. § 841(a)(1); in Count IV, Movant, was charged with possessing with the intent to distribute five or more grams of cocaine base on August 25, 2009 in violation of 21 U.S.C. § 841(a)(1).

On April 19, 2010, pursuant to a written plea agreement, Movant entered a plea of guilty to Counts I, II and III of the indictment. As part of the plea agreement, the Government dismissed Count IV. In the plea agreement, the parties stipulated that the possible penalty for Count I of the indictment was a term of imprisonment of not more than 20 years and/or a fine of not more than $1,000,000, or both such fine and imprisonment. As to Counts II and III, the parties agreed that there is a mandatory minimum sentence of at least five years but not more than 40 years imprisonment, and a fine of not more than $2,000,000 or both such imprisonment and fine. The plea agreement was signed by Woods, his counsel, and the Government.

The Government agreed that it would not seek to institute any further charges against Movant for any violations of federal laws which had occurred within the Eastern District of Missouri and which arose out of or were related to the facts underlying the charges to which Movant entered a guilty plea, and of which the Office of the United States Attorney for the Eastern District of Missouri was aware at the time of the plea.

As part of the plea process, the Government announced that it had previously filed a notice of enhanced sentence under 21 U.S.C. §851, which had the effect of raising the mandatory minimum sentences in Counts II and III to ten years. The Government then requested to withdraw the notice of enhanced sentence.

The Court accepted Movant's plea, finding that the plea was knowingly and voluntarily entered of his own free will and that Movant was fully cognizant of the range of punishment applicable to Counts I, II and III. The Court therefore ordered that a presentence investigation report be prepared. Sentencing was set for July 20, 2010.

A Presentence Report (PSR) was prepared by the United States Probation Office, Officer Paul H. Boyd. Under the heading of "Offense Conduct" the report set forth the following facts with regard to Movant's criminal conduct.

The investigation into the distribution of cocaine base by Movant began on August 17, 2009, when a cooperating informant met with Special Agents for the Drug Enforcement Administration regarding Movant's distribution of controlled substances in the Cape Girardeau, Missouri area. The PSR reflected that for the previous 18 months the CI had purchased cocaine base from Movant on at least 50 occasions, normally in one gram quantities, but on at least one occasion at least seven grams. The CI reported that on two occasions, Movant converted cocaine into cocaine base at the CI's residence. On one occasion, Movant created 56 grams of cocaine base, and 26 grams on another occasion. Utilizing a second confidential informant, DEA agents and local law enforcement officers purchased .67 grams of cocaine base from Movant for $100. This conduct constituted Count I of the indictment. On August 25, 2009, the confidential informants made arrangements with Movant to purchase 11 grams of cocaine base for $800. Movant then sold the confidential informants 7.2 grams of cocaine base for $500. This constituted Count II of the indictment.

Movant stated that he had more cocaine base available, but he needed to convert it from cocaine powder. Movant left the area and then returned to the CI's apartment a short time later with a quantity of cocaine which he converted into cocaine base. Officers were able to observe the conversion process by a camera

secreted in the apartment. The officers believed that Movant converted the cocaine powder into about 28 grams of cocaine base. This conduct served to support the offenses charged in Counts II and IV of the indictment.

In summary, the PSR concluded that Movant was responsible for distributing and possessing with intent to distribute at least 172.87 grams of cocaine base. The PSR recommended that the base offense level be set at 32 because the offenses involved at least 150 grams but less than 500 grams of cocaine base. After subtracting two levels for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a), the total offense level was recommended to be 30.

Movant's criminal history category was set forth under part B of the PSR. On June 7, 2002, at the age of 17, Movant was convicted of his first criminal offense. He was convicted of Assault on a Law Enforcement Officer and Resisting/Interfering With Arrest. He was sentenced to 60 days in jail on the Assault and 30 days on the Resisting/Interfering charge. The executions of the sentences were suspended, and Movant was placed on probation but his probation was revoked, because he violated his conditions of probation by committing new criminal conduct, including possessing weapons and using cocaine. Within seven months of being released from his first sentence, Movant committed his next criminal offense. On December 5, 2003, he possessed more than five grams of

cocaine base with the intent to distribute. On June 28, 2004, he was sentenced in the United States District Court for the Eastern District of Missouri to 63 months in the Bureau of Prisons, to be followed by a four year term of supervised release. The Presentence Report reflected that Movant was responsible for 32.5 grams of cocaine and a firearm. This sentence was later reduced to 60 months pursuant to 18 U.S.C. §3582(c)(2).

Movant was released from custody on July 16, 2008, and six months later, on January 29, 2009, his supervised release was revoked for a number of violations, including the use of cocaine and marijuana. Movant was sentenced to four months in the Bureau of Prisons, followed by 52 months of supervised release. He was next released from prison on May 15, 2009. Movant committed the instant offense while on supervised release for the 2004 possession of cocaine base with intent to distribute. Movant's criminal convictions resulted in a criminal history score of 8, establishing a criminal history category of IV.

Based upon a total offense level of 30 and a criminal history category of IV, the guideline imprisonment range was recommended at 135-168 months.

On August 30, 2010, Petitioner filed objections to the Presentence Report contending, among other things that the recommended offense level of 32 was not correct because it was based in part on statements of confidential witnesses who he

claimed were not credible.  There was no claim as to what the proper offense level should be.

The parties appeared for sentencing on October 19, 2010, and the Government's witnesses were prepared to testify as to the scope of Movant's relevant conduct. At the sentencing hearing, defense counsel stated that they were withdrawing any previously filed objections to the PSR and that there were no longer any objections on behalf of Movant. Movant, standing by his counsel at the time the objections were withdrawn in open court, remained silent, voicing no objection.  The Court's docket entry noted that "Defendant withdraws his objections to the PSR."

The Government then stated that even though Movant had not announced until the day before the hearing that he would be accepting the PSR and not contesting those facts, the Government recommended that Movant receive three points for acceptance of responsibility, as opposed to two as recommended in the PSR.  This brought the final offense level to 29 and the guideline range to 121-151 months.

The Court then accepted the facts as set out in the PSR.  The Court found that the final offense level was 29, and with a criminal history category of IV, the suggested guideline range was 121-151 as to Counts I, II and III.

Following argument, the District Court entered its order and judgment that, pursuant to the Sentencing Reform Act of 1984 as well as the provisions of 18 U.S.C. §3553(a), and in consideration of the arguments set forth by counsel, that Movant be committed to the custody of the Bureau of Prisons for a term of 121 months as to Counts I, II and III, to be served concurrently. The Court then took up the issue of whether the sentence imposed would run concurrently or consecutively to any sentence which would be imposed for revocation of Movant's supervised release. The Court ordered the sentences run consecutively.

Movant filed a direct appeal in the Eighth Circuit Court of Appeals. In his appeal, Movant raised three grounds: (1) that the District Court abused its discretion in denying his motion to continue his sentencing hearing until 90 days after the effective date of the Fair Sentencing Act; (2) the District Court erred in sentencing the defendant based upon a mistake in statement of the Probation Officer as to the status of proposed amendments to the United States Sentencing Guidelines; and (3) the District Court erred by imposing an unreasonable sentence.

The Eighth Circuit denied Movant's appeal and affirmed the sentence previously imposed. *United States v. Woods*, 642 F.3d 640 (8th Cir. 2011). None of the grounds alleged in petitioner's current §2255 motion were raised on direct

appeal.

On December 2, 2011, Movant filed a motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) based upon Amendment 750 to the United States Sentencing Guidelines. The Court found that under the amended guidelines, Petitioner's final offense level would be reduced from 29 to 25 and his guideline range would be 84 to 105 months. The Court then sentenced the defendant to a term of 84 months.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised

collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no

evidentiary hearing will be necessary.

## Discussion

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as

the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Movant argues that counsel was ineffective because counsel did not object to the two criminal history points. Movant argues that he was convicted of the misdemeanor without the assistance of counsel, and therefore, it was improper to include this misdemeanor in the calculation of his criminal history.

The record belies Movant's claims of ineffective assistance. Movant was indeed given the opportunity to question counsel's failure to object; after hearing that counsel withdrew the objections to the PSR and that there were no further objections, Movant could have addressed the Court. Moreover, the Court specifically asked Movant if he had anything to say on his own behalf before the Court imposed sentence. Movant took the opportunity to address the Court. At that time, he said nothing of his dissatisfaction with his attorney; he said nothing of his belief that the misdemeanor should not be included in his criminal history

calculations, despite the fact that he claims to have been continuously raising the issue with counsel and the probation office prior to sentencing.

Notwithstanding that Movant has failed to show counsel's performance was deficient, Movant has also failed to establish prejudice from any of counsel's actions. The two points were added to Movant's criminal history calculation based on the record which establishes that Movant waived his right to counsel in the misdemeanor proceeding. Consequently, Movant cannot demonstrate that but for counsel's failure to object, the two points would not have been assessed.

## Conclusion

Based upon the foregoing analysis, Movant's claim of ineffective assistance of counsel fails to afford him relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds

that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 14th day of November, 2013.

_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE